**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ARAH MUABA BEY,<br><br>        Plaintiff,<br><br>vs.<br><br>NEVADA POWER COMPANY, et al.,<br><br>        Defendants. | Case No. 2:22-cv-01661-CDS-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) |

Pro se plaintiff Arah Muaba Bey filed a new application to proceed in forma pauperis (IFP) and complaint. ECF Nos. 1. I deny Bey's IFP application.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district

court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg*., No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

     The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016). Federal Rules of Civil Procedure Rule 10(a) commands that the title of every complaint must name all the parties. "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est*., 596 F.3d 1036, 1042 (9th Cir. 2010).

     The IFP application submitted by Bey indicates that he has earned no income of any kind over the past twelve months, that he anticipates earning no income of any kind next month, and that he no

money at all to his name. He also states he has no bills or debt. I find, however, that Bey — despite attesting under penalty of perjury to the truthfulness of the financial information provided in his IFP application — has not been forthcoming. Bey affixed a "stamp" over the signature line of his IFP application that states "all rights reserved, without recourse," suggesting that Bey is attempting to avoid the potential consequences of untruthful answers. I note that many members of the Moorish sovereign citizen movement over affix "Bey" or "El" to their names, and at least one other court has found that these members often affix "without recourse" to their signatures because they believe it will protect them when they give untruthful answers in legal filings. See *Bey v. Mower Cty. HHS Office of Child Support*, No. 15-cv-2728 (JNE/TNL), 2015 U.S. Dist. LEXIS 96970, at 2 (D. Minn. June 24, 2015). I find that plaintiff's IFP application is evasive, incomplete, and indicates that he is concealing assets. I also note that Bey is a frequent litigator in this court, and all his prior cases have been dismissed.

    I will allow plaintiff one opportunity to show that he qualifies for IFP status. Plaintiff must fill out the long form application. In response to question 11, which asks why he cannot afford to pay the filing fee, plaintiff must explain in detail how he pays his bills. I also order the plaintiff must use his real name per the Federal Rules. He must inform the Court of his legal name on his birth certificate and driver's license in his updated IFP application. Plaintiff must sign the IFP application with his legal name, and without the use of any stamps or disclaimers.

    ACCORDINGLY,

    I ORDER that plaintiff Bey's application to proceed in forma pauperis (ECF No. 1) is DENIED WITHOUT PREJUDICE.

    I FURTHER ORDER that by Thursday, November 10, 2022, plaintiff Bey must either (1) file the long form application to proceed in forma pauperis as specified in my order or (2) plaintiff must pay the full fee for filing a civil action.

I FURTHER ORDER that failure to timely comply with this Order will result in a recommendation that this case be dismissed with prejudice.

I CAUTION plaintiff Arah Muaba Bey that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 11th day of October 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE