# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Arah Muaba Bey,<br><br>             Plaintiff<br><br>     v.<br><br>Nevada Power Company dba NV Energy, et al.,<br><br>             Defendants | Case No.: 2:22-cv-01661-CDS-VCF<br><br>**Order Overruling Plaintiff's Objection to the Magistrate Judge's April 25, 2023, Order**<br><br>[ECF No. 15] |

      Pro se plaintiff Arah Muaba Bey initiated this lawsuit by submitting an application to proceed in forma pauperis. Appl., ECF No. 1. Magistrate Judge Ferenbach denied Bey's application as incomplete and ordered that he either pay a filing fee or file a "long-form" application to proceed in forma pauperis. Order, ECF No. 4. Bey objected to the order (ECF No. 5), which I overruled and ordered Bey to comply with Magistrate Judge Ferenbach's order. ECF No. 7. Bey appealed my decision to the Ninth Circuit. *See* ECF Nos. 8, 9, 10. Three days later, Bey filed a blank long-form application with an attached "financial affidavit of fact in lieu of an IFP long form." Appl., ECF No. 11. Because Bey had appealed and the appeal was still pending, Judge Ferenbach denied Bey's long-form application without prejudice. Order, ECF No. 12. Bey was advised that he could refile his long-form IFP application, if appropriate, within 30 days of the Ninth Circuit issuing an order on his appeal. *Id.* On March 1, 2023, the Ninth Circuit dismissed Bey's appeal for lack of jurisdiction. Ninth Cir. Order, ECF No. 13. Thus, the deadline for Bey to file his long-form application was April 3, 2023. After Bey failed to file the long-form IFP or request more time to do so, Magistrate Judge Ferenbach directed the Clerk of Court to administratively close the case. ECF No. 14. Bey now objects to that order. Obj., ECF No. 15.

## I. Legal standard

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

## II. Discussion

In Bey's objection, he asserts that he filed a motion for reconsideration with the Court of Appeals after his appeal was dismissed on March 1, 2023. ECF No. 15. As a result, Bey "mistakenly and inadvertently was unaware that the appeal was complete" because Bey was "under the impression that the motion for reconsideration stayed the Appeals Court Order[.]" *Id.* Bey argues this should be construed as excusable neglect. *Id.* But pro se litigants are not excused from following the rules simply because they are proceeding in pro se. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Rodriguez v. Fiesta Palms, LLC*, 428 P.3d 255, 258–59 (Nev. 2018) (noting that procedural rules cannot be applied differently to pro se litigants and that "a pro se litigant cannot use his alleged ignorance as a shield to protect him from the consequences of failing to comply with basic procedural requirements"). The Ninth Circuit has held that an administrative closing of a case has no jurisdictional effect. *Dees v. Billy*, 394 F.3d

1290, 1294 (9th Cir. 2005) ("An order administratively closing a case is a docket management tool that has no jurisdictional effect."); *see also Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 128 (3d Cir.2004) ("[A]n order merely directing that a case be marked closed constitutes an administrative closing that has no legal consequence other than to remove that case from the district court's active docket."). Consequently, the Magistrate Judge's order that this case be closed did not provide a basis for Bey to appeal.

Thus, after conducting a de novo review of Bey's objection to Magistrate Judge Ferenbach's April 25, 2023, order to administratively close the case, I find that Bey's objection does not demonstrate that the magistrate judge's order was clearly erroneous or contrary to the law. Accordingly, Bey's objection is overruled on its merits.

### III.     Conclusion

IT IS THEREFORE ORDERED plaintiff's objection **[ECF No. 15] is overruled** and the April 25, 2023, order is AFFIRMED.

This matter will remain closed. Bey is cautioned that he may not file further documents in this case because it is closed and that any further filings may be stricken by the court.

DATED: May 17, 2023

_____
Cristina D. Silva
United States District Judge

3